1
2
3
4                    UNITED STATES DISTRICT COURT
5                   NORTHERN DISTRICT OF CALIFORNIA
6
7    KAREN YOUNG,                          Case No. 24-cv-03583-HSG
8                    Plaintiff,            **ORDER GRANTING DEFENDANT'S
                                           MOTION TO DISMISS**
9          v.
                                           Re: Dkt. No. 14
10   META PLATFORMS INC., et al.,
11                  Defendants.
12
13         Pending before the Court is Defendant Meta Platforms, Inc., Meta Payments Inc., and
14   Meta Platforms Technologies, LLC (collectively, "Meta")'s motion to dismiss.  Dkt. No. 14
15   ("Mot."), Dkt. No. 23 ("Opp."), Dkt. No. 28 ("Reply").  The Court finds this matter appropriate
16   for disposition without oral argument and the matter is deemed submitted.  *See* Civil L.R. 7-1(b).
17   For the reasons detailed below, the Court GRANTS the motion with leave to amend.

18   **I.    BACKGROUND**
19         Pro se Plaintiff Karen Young filed this action in June 2024 against Meta.  *See* Dkt. No. 1
20   ("Compl.").  Plaintiff states that she created and operates a Facebook page titled "Math4cure,
21   LCC," which has "a following of over 65k [people] with [an] ongoing and specific concern for
22   cancer patients in addition to mathematical algorithms [and] stem principals."  Compl. at 3.
23   Plaintiff alleges that the Math4cure page was targeted in multiple hacking attempts, including a
24   data breach in June 2023 that compromised Plaintiff's personal Facebook page and the Math4cure
25   page.  *Id.*  According to Plaintiff, the data breach caused "fraudulent messaging," "advertising
26   [for] fraudulent products," and messages containing "ransomware, malware, and virus links" on
27   the Math4cure platform.  *Id.*  Plaintiff further alleges that the Math4cure page processed an
28

United States District Court
Northern District of California

United States District Court
Northern District of California

1  unauthorized one cent charge and declined a subsequent $10,025 advertising charge. *Id*.[1]  Plaintiff

2  claims that she made "numerous attempts" to address the data breach with Meta but that Meta "did

3  not properly address or resolve" the breach, leaving Plaintiff's data compromised, alongside the

4  data of Math4cure's 65,000 followers. *Id*.

5       Plaintiff appears to assert several causes of action: (1) "data breach," (2) unfair and

6  deceptive trade practices, (3) breach of contract, (4) negligence, (5) breach of the implied covenant

7  of good faith and fair dealing, (6) fraud, and (7) trademark infringement.  Compl. at 2.  In relief,

8  Plaintiff seeks general and specific damages, punitive damages, and six temporary injunctions. *Id*.

9  at 4.  Meta moves to dismiss, arguing that Plaintiff's complaint (1) does not comply with Federal

10  Rule of Civil Procedure 8, (2) contains claims barred both by Facebook's terms of service and

11  Section 230 of the Communications Decency Act, and (3) fails to state any claim for relief.

12  ## II.    LEGAL STANDARD

13       Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain

14  statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A

15  defendant may move to dismiss a complaint for failing to state a claim upon which relief can be

16  granted under Rule 12(b)(6).  "Dismissal under Rule 12(b)(6) is appropriate only where the

17  complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."

18  *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  To survive a Rule

19  12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible

20  on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible

21  when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that

22  the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

23  In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as

24  true and construe the pleadings in the light most favorable to the nonmoving party."  *Manzarek v.*

25  *St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  Nevertheless, courts do not

26  "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or

27

28  _____

[1] It is not clear from Plaintiff's complaint whether or how these financial transactions relate to the alleged data breach or Meta's conduct.

1    unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008)

2    (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

3        Additionally, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e).

4    "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than

5    formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation

6    omitted). Nevertheless, "pro se litigants are bound by the rules of procedure." *Ghazali v. Moran*,

7    46 F.3d 52, 54 (9th Cir. 1995). Even a "liberal interpretation of a . . . complaint may not supply

8    essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of*

9    *Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

10   **III.   DISCUSSION**

11       Since Plaintiff's complaint does not adhere to Rule 8's command to set out "a short and

12   plain statement of the claim," the Court grants Meta's motion to dismiss.

13       **A.    Plaintiff's Complaint Does Not Satisfy Rule 8**

14       Even liberally construing Plaintiff's allegations, the Complaint deviates too far from the

15   requirement that "[e]ach allegation [ ] be simple, concise, and direct" to proceed as pled. Fed. R.

16   Civ. P. 8(d)(1). Plaintiff provides a "factual history" of the events giving rise to this action, but

17   she does not supply the necessary context for her assertions or establish how her factual assertions

18   connect to the stated causes of action. For instance, Plaintiff describes an unauthorized charge that

19   Math4cure incurred but does not provide additional information connecting that charge to the

20   alleged data breach or any conduct by Meta. Compl. at 3. It is unclear, among other things (1)

21   what obligations Meta had concerning the alleged data breach and whether Meta failed to fulfill

22   them, (2) what "personal and business information" was compromised by the data breach, (3) what

23   actions Meta took in response to the breach, (4) how Plaintiff and Meta became aware of the

24   breach, (5) why Plaintiff believes that the breach is "still unresolved," and (6) why Plaintiff

25   believes that the "ransomware, malware, and virus links" occurring on the Math4cure platform are

26   connected to the data breach. In short, Plaintiff's speculative allegations lack "factual content that

27   allows the court to draw the reasonable inference that [Meta] is liable for the misconduct alleged."

28   *Ashcroft*, 556 U.S. at 678. Although Plaintiff offers further factual allegations in her opposition

United States District Court
Northern District of California

3

brief, "[i]n determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 (9th Cir. 1998). Any amended complaint must itself contain "sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). The conclusory statements and unsubstantiated assertions that comprise Plaintiff's original complaint are plainly insufficient.

Plaintiff's legal claims are presented in a list that does not identify any of the relevant elements of those causes of action and lacks factual substantiation. The Court is left to speculate, for example, as to what conduct might constitute trademark infringement. Meta, which must prepare a defense, is similarly left to speculate. Such conclusory allegations do not provide Meta with "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation omitted). Moreover, Plaintiff's complaint lacks basic factual allegations supporting its legal claims. Plaintiff's causes of action include breach of contract, trademark infringement, and fraud, but Plaintiff does not identify a contract, a trademark, or a purported misrepresentation in her complaint. Although Plaintiff slightly develops the nexus between her allegations and her causes of action in her opposition brief, "the complaint may not be amended by briefs in opposition to a motion to dismiss." *Heineke v. Santa Clara Univ.*, 2017 WL 6026248, at *16 (N.D. Cal. Dec. 5, 2017) (internal citation omitted). Any amended pleading must (1) provide adequate notice of what conduct is alleged to have violated what law or right and (2) explain how the facts alleged establish the elements of each cause of action.

"Although a pro se litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. United States Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). Here, Plaintiff's complaint fails to provide the necessary "factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (internal citation omitted). Accordingly, the Court grants Meta's motion to dismiss, Dkt. No. 14. Since this finding is sufficient to dispose of the Complaint, the Court need

1    not rule on any of Meta's other arguments.[2]  Under these circumstances, where Plaintiff has not

2    cogently briefed these issues in opposition, the Court likewise declines to address them.  *See Life*

3    *Techs. Corp. v. Biosearch Techs., Inc.*, No. C 12-00852 WHA, 2012 WL 4097740, at *4 (N.D.

4    Cal. Sept. 17, 2012) (finding that where Plaintiff "do[es] not raise[] the issue . . . in [her] current

5    opposition brief, this order need not decide it.").

6    **IV.    CONCLUSION**

7           The Court grants Meta's motion to dismiss, Dkt. No. 14.  Despite these pleading

8    deficiencies, the Court cannot say at this stage that amending the complaint would be futile.  *See*

9    *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) ("[A] pro se litigant is entitled to notice

10   of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.").

11   Plaintiff may still be able to allege sufficient facts to state a claim.  *Lopez v. Smith*, 203 F.3d 1122,

12   1131 (9th Cir. 2000).  Plaintiff shall file an amended complaint by no later than April 7, 2025.

13   Failure to file an amended complaint by this deadline may result in the dismissal of the action in

14   its entirety without further leave to amend.  In addition, Plaintiff's amended complaint may be

15   dismissed if she does not correct the deficiencies the Court has identified in this order.

16   //

17   //

18   //

19   //

20   //

21   //

22   //

23   //

24   //

25   //

26

27   _____
     [2] Meta also argues that Section 230 of the Communications Decency Act independently bars
28   Plaintiff's claims and that "most of [Plaintiff's] claims are prohibited by the Facebook Terms of
     Service and Commercial Terms."  Mot. at 9.

*United States District Court*
*Northern District of California*

The Court encourages Plaintiff to seek the assistance of the free Legal Help Center operated by the Bar Association of San Francisco. The Legal Help Center sets up appointments to speak with a lawyer for basic legal help, but it does not provide legal representation. Appointments can be scheduled by emailing fedpro@sfbar.org or by calling (415) 782-8982. Plaintiff may also wish to consult the resources available on the Court's website, at https://cand.uscourts.gov/pro-se-litigants/, for people who are representing themselves without a lawyer.

**IT IS SO ORDERED.**

Dated:    3/10/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California

6